FILED
APR 15 2013
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

DONDRILL G. WHITE,  )
         Plaintiff,  )
v.  )  Case No.: 2:12-cv-451
CAROLYN W. COLVIN, Acting  )
Commissioner, Social Security  )
Administration,  )
         Defendant.  )

## REPORT AND RECOMMENDATION

The *pro se* Plaintiff, Dondrill White ("Mr. White"), sued under Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Acting Commissioner of the Social Security Administration ("Acting Commissioner") denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under the Social Security Act ("Act"). This case was referred to the undersigned U.S. Magistrate Judge by order filed on March 20, 2013, and pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), and Local Civil Rule 72. The Acting Commissioner has moved to dismiss this case because the statute of limitations has allegedly expired. Mr. White has responded and has moved to dismiss the Acting Commissioner's Motion. For the following reasons, the undersigned **RECOMMENDS** the Acting Commissioner's Motion be **GRANTED**, Mr. White's Motion be **DENIED**, and this case be **DISMISSED WITH PREJUDICE.**

## I. FACTUAL AND PROCEDURAL BACKGROUND

Mr. White applied for DIB and SSI on May 18, 2009, alleging a disability onset date of June 4, 1992. ECF No. 3 at 2. His applications were initially denied on February 5, 2010, and, again, upon reconsideration on December 24, 2010. *Id.* Mr. White, on February 25, 2011, requested a hearing before an administrative law judge ("ALJ"), who denied his applications for DIB and SSI on August 18, 2011, after a hearing on August 2, 2011. *Id.*; ECF No. 7, attach. 1, Ex. 1 at 1. He appealed this decision to the Appeals Council, which denied the appeal on February 15, 2012. *Id.*, attach. 1, Ex. 2 at 1. That day, the Appeals Council notified Mr. White in writing of its decision, his right to request judicial review of the decision by filing a civil action in this Court within sixty days after receipt of the notice, and the opportunity to request an extension of time in which to file a civil action beyond sixty days. *Id.* at 2. It was presumed, absent evidence to the contrary, that he received this letter five days from February 15, 2012, or February 21, 2012.[1] *Id.* This letter was addressed to Mr. White's residence in Portsmouth, Virginia. *Id.* at 1. The Appeals Council received additional correspondence and evidence from Mr. White on February 28 and March 15, 2012, but it declined to reopen the case or change the decision in light of this new material. *Id.*, attach. 1, ¶ 3(b); *id.*, attach. 1, Ex. 3 at 1. The Appeals Council notified him in writing of this and that he did not have the right to have this decision judicially reviewed. *Id.*, attach. 1, Ex. 3 at 1. This letter was addressed on April 12, 2012, to Mr. White's residence in Portsmouth, Virginia. *Id.*

On August 3, 2012, Mr. White executed a motion to proceed *in forma pauperis*, which was filed on August 10, 2012, and attached thereto was his Complaint, ECF No. 1, which was not filed until August 16, 2012, ECF No. 3, when the Court granted the motion, ECF No. 2. The

---

[1] The fifth day, February 20, 2012, was Presidents' Day.

Acting Commissioner filed a Motion to Dismiss, brief in support, and *Roseboro* notice on February 19, 2013, requesting the Court dismiss this case as time-barred. ECF Nos. 6-9. Mr. White filed a brief in opposition and Motion to Dismiss the Acting Commissioner's Motion on March 14, 2013, ECF Nos. 9, 11, and the Acting Commissioner filed a reply brief on March 18, 2013, ECF No. 12.[2] Although not designated as such, the Court construes this reply brief as also the Acting Commissioner's brief in opposition to Mr. White's Motion. Mr. White has not replied, and the time to do so has lapsed. Therefore, these Motions and this case are ripe for disposition.

## II. *PRO SE* PLEADINGS

"[A] *pro se* litigant is entitled to a liberal reading of [his] pleadings." *Jacobi v. Blocker*, 153 F.R.D. 84, 86 (E.D. Va. 1994) (citations omitted). Moreover, "trial courts are encouraged to liberally treat procedural errors made by *pro se* litigants, especially when a technical or arcane procedural rule is involved." *Bauer v. Comm'r of I.R.S.*, 97 F.3d 45, 49 (4th Cir. 1996).

> Implicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training. While the right does not exempt a party from compliance with relevant rules of procedural and substantive law, it should not be impaired by harsh application of technical rules.

*Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) (citation and quotation marks omitted). It is with these principles in mind that the Court construes Mr. White's pleadings.

## III. ANALYSIS

The Acting Commissioner argues Mr. White's Complaint is time-barred because he did

---

[2] Although Mr. White's Motion is not accompanied by a separately filed brief in support as Local Civil Rule 7(F)(1) requires, the undersigned has nonetheless reviewed this Motion and will recommend a disposition because Mr. White is *pro se*. For the same reason, the undersigned declines the Acting Commissioner's request to strike the Plaintiff's brief in opposition as untimely by two days.

not file it within the statute of limitations.

> Section 405(g) of Title 42 of the U.S. Code requires, in relevant part, that
>
> [a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). The sixty-day limit in which to file a civil action is a statute of limitations and a waiver of sovereign immunity that must be strictly construed. *Bowen v. City of N.Y.*, 476 U.S. 467, 479 (1986). "[T]he statute of limitations embodied in § 405(g) is a mechanism by which Congress was able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." *Id.* at 481. However, because § 405(g) is "unusually protective" of plaintiffs, the Court may equitably toll the statute of limitations period "where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate." *Id.* at 480 (citations and quotation marks omitted).

Here, the undersigned finds that Mr. White did not file his Complaint within the statute of limitations and that he is not entitled to equitable tolling. Specifically, the sixty-day time period Mr. White had to file his Complaint began on February 21, 2012, which includes five days to receive notice of the Appeals Council's decision, and expired on April 23, 2012.[3] The Appeals Council never received a request from Mr. White for an extension of time beyond the sixty days in which to file his Complaint. ECF No. 7, attach. 1, ¶ 3(c) ("At the time of signing this Declaration, the undersigned is not aware of any request for an extension of time to file a civil action"). It was not until August 10, 2012, approximately 109 days late, that the Court received

---

[3] The sixtieth day, April 21, 2012, was a Saturday.

4

Mr. White's Complaint, which was attached to his motion to proceed *in forma pauperis*.[4] Furthermore, despite Mr. White proceeding *pro se*, the equities that usually favor tolling the limitations period are not "so great [here] that deference to the agency's judgment is inappropriate." *Bowen*, 476 U.S. at 480 (citation and quotation marks omitted).

After reviewing Mr. White's brief in opposition and Motion to Dismiss, it appears to the undersigned that his arguments are directed not to the timeliness of filing his Complaint but, rather, to the type of response, or lack thereof, he received from the ALJ and Appeals Council concerning his various inquiries and submissions. For example, according to Mr. White, he requested in an October 4, 2011, letter to the ALJ for a copy of the recording or transcript of the August 2, 2011, hearing "for the appeal[] or reconsideration" of his decision. ECF No. 11, attach. 1 at 1. It appears the ALJ never responded to this letter. ECF No. 9 at 2. Mr. White requested in an October 4, 2011, letter to the Appeals Council "to reserve his rights to appeal without prejudice ... [in order to give the ALJ] ample time to reconsider" his decision. ECF No. 11, attach. 1 at 4. The Appeals Council, however, eventually reviewed the ALJ's decision and denied Mr. White's appeal. Mr. White forwarded another letter to the Appeals Council on February 28, 2012, enclosing for its review a brief in opposition to the ALJ's decision and indicating that he was unable to forward the brief sooner because intense migraines prevented him from adequately preparing his arguments. *Id.*, attach. 1 at 7. The Appeals Council, however, informed Mr. White that it declined to reopen the case or change the decision in light

---

[4] Mr. White's appeal is still untimely, by sixty four days, if the undersigned accounts for a complaint it received on June 26, 2012, in *White v. Commissioner of Social Security*, No. 2:12-cv-353 (E.D. Va.), a case he instituted concerning the same Social Security appeal. The complaint in that case was dismissed without prejudice for Mr. White's failure to remit a filing fee or submit a financial affidavit in support of his motion to proceed *in forma pauperis*. Moreover, the Court even cautioned him in its dismissal order that the statute of limitations continued to run.

of the new material he submitted. Although Mr. White argues that the ALJ erred by failing to respond to his request for reconsideration and his brief in opposition to the ALJ's decision, and that the Appeals Council erred by failing to specifically respond to his brief in opposition to the ALJ's decision, by not directly speaking with him on the telephone, and by not including in its April 12, 2012, letter "any type of applicable law or [precedent] in support," ECF No. 9 at 3; *see id.* at 2-4, these arguments do not address why his Complaint was not timely filed in this Court or why he never requested an extension of time in which to so file. Moreover, these objections do not implicate the type of "secretive conduct," "clandestine policy," or other misconduct contemplated by *Bowen* as supporting a claim for equitable estoppel. *Bowen*, 476 U.S. at 480. In short, nothing contained in Mr. White's pleadings support a finding that the equities are "so great that deference to the agency's judgment is inappropriate" and that equitable tolling should apply. *Id.* (citation and quotation marks omitted).[5]

## IV. RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** the Acting Commissioner's Motion to Dismiss, ECF No. 6, be **GRANTED**, Mr. White's Motion to Dismiss, ECF No. 11, be **DENIED**, and this case be **DISMISSED WITH PREJUDICE**.

## V. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, Mr. White is notified that:

1. Any party may serve on the other party and file with the Clerk of the Court specific written objections to the above findings and recommendations within fourteen days from the date

---

[5] Even if the sixty-day limitations period began to run on April 12, 2012, or five days later, on April 17, 2012, when the Appeals Council informed Mr. White of its decision not to reopen the case and when he should have received this letter, Mr. White's Complaint is *still* untimely regardless of whether the June 26, 2012, date in *White v. Commissioner of Social Security*, No. 2:12-cv-353 (E.D. Va.), or the August 10, 2012, date in this case is used.

this Report and Recommendation is mailed to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a) plus three days permitted by Federal Rule of Civil Procedure Rule 6(d). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to the Plaintiff and counsel of record for the Defendant.

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
April 15, 2013

# CLERK'S MAILING CERTIFICATE

A copy of this Report and Recommendation was mailed on this date to the following:

Dondrill G. White
2901 Saint Mihiel Avenue
Norfolk, Virginia 23509
*Pro Se* Plaintiff

Kent Pendleton Porter, Esq.
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Counsel for the Defendant

/s/ Fernando Galindo
Clerk of the Court

By:
Deputy Clerk
April 15, 2013